639 P.2d 1036
**STATE of Arizona, Appellee,**

v.

**Eddie Vance WILLIAMS, Appellant.**

**No. 5326–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 4, 1982.

Rehearing Denied Feb. 2, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

This consolidated appeal is from a conviction for a crime of sexual assault and from an order revoking probation in a conviction for the crime of robbery. The Court of Appeals reversed, one judge dissenting. See *State v. Williams,* 131 Ariz. 218, 639 P.2d 1043 (App.1981). We accepted review. Opinion of the Court of Appeals vacated. Judgment and sentence of the Superior Court in Maricopa County Cause No. CR–105855 affirmed. Order revoking probation and the sentence in Maricopa County Cause No. CR–101302 affirmed.

Appellant, Eddie Vance Williams, was convicted of robbery and on April 17, 1978, placed on probation. On March 12, 1979, a petition to revoke appellant's probation was filed by the Maricopa County Attorney, asserting that appellant had "committed the crime of sexual assault on or about February 22, 1979." The Superior Court conducted a hearing and at its conclusion said:

"All right, the Court finds that the State has failed to establish a violation by a preponderance of evidence and there will be an order dismissing the petition for the revoking of probation and reinstating the defendant on probation on the terms and conditions set forth on April 17, 1979 [sic], on the charge of robbery."

Appellant was subsequently convicted in the Maricopa County Superior Court in Cause CR–105855 of sexual assault, a violation of A.R.S. § 13–1406, a felony. Section 13–1406 provides:

"A. A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person not his or her spouse without consent of such person."

The sexual assault for which appellant was convicted was the same offense which was the basis for the petition to revoke his probation on the conviction for the crime of robbery.

As a consequence of the sexual assault conviction, appellant's probation for robbery was ordered revoked and he was committed to the custody of the Department of Corrections. From the order revoking his probation and from the sentence imposed, appellant filed this appeal. Appellant also has appealed from his conviction on the charge of sexual assault. Because the appeal from the order revoking probation raised one of the same questions appellant raised as grounds for reversal for the conviction for sexual assault, the two appeals were consolidated for decision in the Court of Appeals.

■ It is appellant's position that collateral estoppel precludes his prosecution for sexual assault after the petition to revoke his probation had been denied, but we do not think so.

■ Collateral estoppel attaches only to a judgment.

"There is, of course, a fundamental difference between a verdict and a judgment, the one being the jury's finding on the facts; and the other, the Judge's determination of the case upon the verdict. A verdict, before judgment has been entered thereon, has no finality, cannot be executed (*Sharp v. State*, 117 Tenn. 537, 97 S.W. 812), and cannot be pleaded in bar as *res judicata* or offered in evidence as collateral estoppel. *Smith v. McCool*, 83 U.S. [ (16 Wall) ] 560, 21 L.Ed. 324; 2 Freeman on Judgments (5th Ed.), sec. 718; 30A Am.Jur., Judgments, sec. 339." *Neely v. State*, 210 Tenn. 52, 356 S.W.2d 401 (1962).

The force of the estoppel is the judgment itself. It is not the finding of a court but, rather, the judgment entered thereon which concludes the parties. We find no dissent to this proposition.

In *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), the Court said:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

By Rule 26.1 of the Arizona Rules of Criminal Procedure, 17 A.R.S., a judgment is defined:

"The term judgment means the adjudication of the court based upon the verdict of the jury, upon the plea of the defendant, or upon its own finding following a non-jury trial, that the defendant is guilty or not guilty."

Palpably, the conclusion of the judge at the revocation hearing does not rise to the respectability of a judgment. We therefore hold that the finding that the State had failed to establish a violation of probation did not preclude appellant's prosecution for sexual assault.

■ Appellant requested the court to instruct the jury in his sexual assault trial as follows:

"The State and the Defendant are both entitled to the individual opinion of each juror. It is the duty of each of you, after considering all the evidence in the case, to determine, *if possible*, the guilt or innocence of the defendant. When you have reached a conclusion in that respect, you should not change it merely because one or more of your fellow jurors may have come to a different conclusion, or merely to bring about a unanimous verdict. However, each of you should freely and fairly discuss with your fellow jurors the evidence and the deductions to be drawn therefrom. If, after doing so, any of you should be satisfied that a conclusion first reached was wrong, you should unhesitatingly abandon the original opinion and

render your verdict according to your final decision." (Emphasis added.)

The court instructed as requested, except that the phrase "if possible" appearing in the second sentence was deleted. Appellant urges that the court by the deletion rendered the instruction a "dynamite" instruction such as is disapproved in *State v. Thomas*, 86 Ariz. 161, 342 P.2d 197 (1959). The instruction disapproved in *State v. Thomas* read:

"There is no reason to suppose that this case will ever be submitted to twelve more intelligent, more impartial or more competent jurors to decide it, or that more or clearer evidence will be produced on one side or the other. With this in view it is your duty to decide this case if you can without yielding your conscientious convictions. In conferring together you ought to pay proper attention to each other's opinion and listen with a disposition to be convinced by other's arguments, and on the other hand if a larger number of your panel are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one which makes no impression on the minds of so many jurors equally honest, equally intelligent with himself who have heard the same evidence, with the same oath; and if on the other hand the majority are for the defendant, the minority should ask themselves whether they may not and ought to reasonably doubt seriously the correctness of a judgment which is not concurred in by most of those with whom they are associated and distrust the weight and sufficiency of that evidence which fails to carry conviction to the minds of their fellow jurors." 86 Ariz. at 164, 342 P.2d at 199.

The instruction given by the court is in no sense the equivalent of that given in *State v. Thomas*. While the second sentence, if it stood alone, might possibly tend in some degree to pressure the jury to reach a verdict, a reading of the instruction as a whole compels the conclusion that it fairly informs the jurors of their responsibility. We do not think the deletion of the phrase "if possible" was apt to compel the jury to act cohesively to find appellant guilty.

■ On the evening of the sexual assault, officer Steven Gregory interviewed the victim concerning what had occurred. Appellant argues the trial court erroneously allowed the officer to relate to the jury the victim's statements which were consistent with her testimony at the trial. We do not agree. By Ariz.R.Evid. 801(d)(1)(B),[1] the victim's statements were admissible because they were consistent with her testimony at the trial. They were offered to rebut an express and implied charge against her of improper motive—that she had consented to the sexual intercourse, later felt shame, and concocted the accusation of rape.

■ Appellant argues that certain remarks of the prosecution created a false impression with the jury. On direct examination, appellant testified that he had been convicted of strong-armed robbery in 1978 in Maricopa County. He also testified that in 1971 or 1972 he had been convicted of assault with a deadly weapon in Maricopa County. The following exchange took place during cross-examination:

"Q. Mr. Williams, let me ask you, have you ever been convicted of a felony?

A. Yes.

Q. Isn't it true that on May 22, 1973, in Maricopa County Superior Court you were convicted of the felony offense aggravated assault?

A. I don't know what year it was, but that sounds about right.

Q. Mr. Williams, I am handing you what has been marked Exhibit No. 5 for identification, a certified copy of a minute entry. Would you look at that and tell me is that your case?

MR. PRESTON: Your Honor, I will object at this time. The questions relative to impeachment about felony convic-

---

1. Rule 801(d)(1)(B) provides:

"A statement is not hearsay if—

(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *."

tions have already been asked and answered by the defendant, both on cross and on direct. Anything further is, I think, improper.

THE COURT: The objection is sustained.

MR. THURSTON: Your Honor, on a prior we have the right to show the offense—

THE COURT: Well, it has already been testified to. He has already testified to it on direct and on cross.

MR. THURSTON: —and the date, and his answer on the date was, 'I am not sure.' I want to be sure on the date

THE COURT: The objection is sustained. If you want to refresh his memory and ask if that is the date, you may.

Q. BY MR. THURSTON: Look at Exhibit No. 5. Can you tell me if that is your case?

MR. PRESTON: Same objection. That is not the question.

THE WITNESS: That is the correct date.

MR. THURSTON: Your Honor, he has to tell me if that is his case before I have him refresh his memory from the minute entry. I am not moving the minute entry into evidence.

THE COURT: If you would ask him if that refreshes his memory as to the date.

Q. BY MR. THURSTON: Does this refresh your memory as to the date?

A. Yes.

Q. What is the date?

A. '73, May 22nd.

Q. And at the time of that incident you were represented by an attorney, isn't that correct?

MR. PRESTON: Objection. Same objection as before.

MR. THURSTON: Your Honor, it is required.

THE COURT: No, it is not required. This has already been testified to on direct and on cross. We are not impeaching him in any way.

MR. THURSTON: We had better take a break on this issue because I cannot use a felony conviction in a trial.

THE COURT: Mr. Thurston, you are trying to offer evidence where a defendant denies the conviction. It is not necessary to go any further. The objection is sustained.

MR. THURSTON: Your Honor, I have to establish if he had an attorney because a conviction is not admissible.

MR. PRESTON: We would ask this be out of the presence of the jury if there is going to be continued argument on it.

THE COURT: I have already ruled, Mr. Thurston.

MR. THURSTON: Your Honor, could we meet in chambers on this one issue?"

Appellant's position is that the prosecutor's remarks created the impression that in addition to the two felony convictions the appellant had already admitted, there was at least one other felony conviction. The State replies that because appellant was mistaken as to the date and nature of the offense, the prosecutor was only trying to establish the true facts regarding the aggravated assault which occurred in 1973.

In *State v. Killian*, 118 Ariz. 408, 413, 577 P.2d 259 (App.1978), the court stated:

"If the accused affirmatively indicates he has been previously convicted of a felony he may be asked the number of those convictions, the nature of the crimes and when and where those crimes were committed." (Citations omitted.)

In the instant case, the State sought to elicit from defendant the correct nature and date of the prior conviction.

The trial court was, of course, correct in its ruling. The exchange which took place did not confuse the jury nor was it prejudicial. The court said: "Well, it has already been testified to. He has already testified to it on direct and on cross." And later, again: "This has already been testified to on direct and on cross."

Judgment and sentence of the Superior Court in Maricopa County Cause No. CR–105855 affirmed. Order revoking probation and sentence in Maricopa County Cause CR–101302 affirmed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.