644 P.2d 1300

Michael Henry LEMIEUX and Jane Doe Lemieux, his wife, if married; Temcon Concrete Construction Co., an Arizona corporation, Petitioners,

v.

SUPERIOR COURT OF ARIZONA In and For MARICOPA COUNTY, and the Honorable David J. Perry, Acting as the Judge Thereof and Marian L. Rix and Ernest L. Rix, her husband, Real Parties in Interest, Respondents.

No. 15769–SA.

Supreme Court of Arizona, In Banc.

Jan. 14, 1982.

Supplemental Opinion May 4, 1982.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Ralph E. Hunsaker, Phoenix, for petitioners.

G. David Gage, Ltd. by G. David Gage, Phoenix, for respondents and real parties in interest Rix.

GORDON, Vice Chief Justice:

The issue presented in this special action is if persons who have been previously hypnotized concerning the matters of the litigation will be permitted to testify at a civil trial. We accept jurisdiction of this special action under Ariz.Const.Art. 6, § 5(1) and hold that persons who have undergone hypnosis and have been questioned on matters concerning the litigation are not permitted to testify at a subsequent civil trial.

On April 17, 1979 there was a collision involving respondent Rix and petitioner Lemieux. Emery, a witness to the accident, spoke with authorities on four separate occasions. Although Emery had given lengthy statements to the police she voluntarily agreed to undergo hypnosis to "refresh" her recall. The fourth interview of Emery three days after the collision was during hypnosis. Emery's "recall" during the hypnotic trance was that the Rix vehicle was across the third line (the imaginary lateral extension of the curb line which defines the intersection) when the traffic light was yellow. The hypnotic memory is contrary to that recounted prior to the session.

Liability in the pending case turns on the precise location of the Rix vehicle at the moment the light turned red. A.R.S. § 28–645(A)(3)(a). The relevant statute at the time of the collision stated that vehicular traffic facing a steady red signal is to "stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection." [1]

Petitioners filed a motion in limine requesting the exclusion of posthypnotic testimony by Emery. The trial judge entered an order denying petitioners' motion in limine.

This Court has previously held that posthypnotic testimony is inadmissible in criminal trials. *State ex rel. Collins v. Superior Court,* 131 Ariz. 180, 644 P.2d 1266 (1982); *State v. Mena,* 128 Ariz. 226, 624 P.2d 1274 (1981); *State v. LaMountain,* 125 Ariz. 547, 611 P.2d 551 (1980). The concerns that this Court expressed in determining that posthypnotic testimony is unreliable in criminal trials are equally applicable in civil litigation.

In *State ex rel. Collins* this Court noted that subjects under hypnosis are susceptible to suggestion. The danger of implanting suggestion is present because hypnotists can suggest responses unwittingly. A subject may react to seemingly innocuous factors such as: the tone of voice and body language of the hypnotist; the status of the hypnotist; the environment in which the hypnotism takes place; and the mere fact of being hypnotized.

Experts in the hypnotism field acknowledge that hypnotized subjects will respond

1. In 1980 A.R.S. § 28–645(A)(3)(a) was amended to read, "[v]ehicular traffic facing a steady red signal alone shall stop before entering the intersection * * *."

to questions, even if they do not in reality know the information. *State ex rel. Collins, supra.* This phenomenon of "filling in the gaps" is termed confabulation. The danger of confabulation is that after hypnosis a subject may be unable to discriminate between the pre- and posthypnotic memory. The "gap filler" is now part of the subject's memory.

The art and/or science of hypnosis has not been shown to be scientifically reliable. The principles underlying hypnotic procedure must gain general acceptance as reliable among experts in the field before posthypnotic testimony is permitted during a civil trial in Arizona. *See State ex rel. Collins, supra; Mena, supra; cf. Scales v. City Court of City of Mesa,* 122 Ariz. 231, 594 P.2d 97 (1979).

This Court must now consider whether the rule of law announced today is to have prospective or retrospective effect. "A state is free under the Constitution to make a choice for itself between the principle of forward operation of a ruling and that of relation backward." *State v. Gates,* 118 Ariz. 357, 359, 576 P.2d 1357, 1359 (1978). We hold that the pronouncement of this case is to have prospective application. All persons hypnotized subsequent to the mandate of this opinion may not testify as to matters discussed under hypnosis. The posthypnotic testimony of Emery, therefore, is admissible in the upcoming trial subject to other evidentiary objections.

Petitioners' prayer for relief is denied. We uphold the trial court's order denying petitioners' motion in limine and vacate the stay order.

STRUCKMEYER and CAMERON, JJ., concur.

HOLOHAN, Chief Justice and HAYS, Justice (specially concurring):

Having presented our position on this subject in *State ex rel. Collins v. Superior Court,* 131 Ariz. 180, 644 P.2d 1266 (1982), no useful purpose would be served by adding anything additional. We concur in the result.

## SPECIAL ACTION SUPPLEMENTAL OPINION

FELDMAN, Justice.

In our original opinion in this case, we held that persons who had undergone hypnosis and had been questioned on matters concerning the litigation would not be permitted to testify at a subsequent civil trial. *Lemieux v. Superior Court,* 131 Ariz. 214, 644 P.2d 1300 (1982). Subsequently, both parties filed motions for rehearing. Rix, the real party in interest, requests this court to reconsider its position regarding the admissibility of hypnotically induced recall testimony. Lemieux and Temcon (hereinafter Lemieux), on the other hand, urge this court to reaffirm its original holding regarding the inadmissibility of hypnotically induced testimony but request that we reconsider whether the holding should be applied retroactively or merely given prospective effect. The motions were granted March 2, 1982. This opinion follows.

The facts were set out in our original opinion and are as follows:

On April 17, 1979 there was a collision involving respondent Rix and petitioner Lemieux. Emery, a witness to the accident, spoke with authorities on four separate occasions. Although Emery had given lengthy statements to the police she voluntarily agreed to undergo hypnosis to "refresh" her recall. The fourth interview of Emery three days after the collision was during hypnosis. Emery's "recall" during the hypnotic trance was that the Rix vehicle was across the third line (the imaginary lateral extension of the curb line which defines the intersection) when the traffic light was yellow. The hypnotic memory is contrary to that recounted prior to the session.

Liability in the pending case turns on the precise location of the Rix vehicle at the moment the light turned red.

RIX'S MOTION FOR REHEARING:

The original opinion in this case was based on our previous holding in *State ex rel. Collins v. Superior Court (Collins I)*, 131 Ariz. 180 at 183, 644 P.2d 1266 at 1269 (1982), that persons who have undergone hypnosis and been questioned on matters concerning the litigation would not be permitted to testify at a subsequent criminal trial. However, on rehearing we modified our original opinion in *Collins*, supra, and held that while hypnotically induced recall testimony would be inadmissible in subsequent criminal trials, a witness who had previously undergone hypnosis would not be totally disqualified from testifying and would be permitted to testify with regard to those matters which he or she was able to recall and relate before the use of hypnosis. *See State ex rel. Collins v. Superior Court (Collins II)*, 131 Ariz. 180 at 208–210, 644 P.2d 1266 at 1294–1296 (1982). By so holding, we reaffirmed our original ruling that hypnotically induced testimony is inherently unreliable and therefore is not admissible at trial. However, we recognized that the hypnotic process may often serve as a useful investigative tool and therefore revised our original holding to permit a previously hypnotized witness to testify to those facts recalled prior to the hypnotic session.

▬▬ We believe that the result reached in *Collins II* is equally applicable to civil cases. Therefore, for the reasons stated in

that opinion, we now modify our original opinion in this case. While we reaffirm our holding that in civil cases witnesses may not testify to hypnotically induced recall, we modify our previous opinion by holding that a witness in a civil case may testify with regard to those matters which he or she was able to recall and relate prior to the use of hypnosis, providing the following foundation is established for the prehypnotic recall. Before hypnotizing a potential witness for investigatory purposes, the party intending to offer the prehypnotic recall must appropriately record by written statement, tape recording or preferably videotape form the substance of the witness' knowledge and recollection about the evidence in question so that the prehypnotic recall may be shown. This must be preserved so that at trial the testimony of that witness can be limited to the prehypnotic recall. If such steps are not taken, admission of the prehypnotic recall will be error, requiring reversal if prejudicial. Further, parties intending to use hypnosis for investigatory purposes should make sure that the hypnotic procedure is performed in a manner designed to minimize the danger of contamination of both prehypnotic and posthypnotic recall.[1] While we no not impose any particular set of standards, we suggest that litigants adopt some, if not all of the "Orne standards"[2] referred to in *State ex rel. Collins v. Superior Court (Collins II)*, 131 Ariz. 180 at 202–203, 644 P.2d 1266 at

---

1. These dangers are described in detail in both *Collins I* and *Collins II*, supra.

2. These standards are as follows:

First, a psychiatrist or psychologist experienced in the use of hypnosis must conduct the session....

Second, the professional conducting the hypnotic session should be independent of and not regularly employed by the [plaintiff], investigator or defense.

Third, any information given to the hypnotist by [either party] prior to the hypnotic session must be recorded, either in writing or in other suitable form....

Fourth, *before* inducing hypnosis the hypnotist should obtain from the subject a de-

tailed description of the facts as the subject remembers them....

Fifth, all contacts between the hypnotist and the subject must be recorded. This will establish a record of the preinduction interview, the hypnotic session, and the posthypnotic period, enabling a court to determine what information or suggestions the witness may have received....

Sixth, only the hypnotist and the subject should be present during any phase of the hypnotic session, including the prehypnotic testing and the post-hypnotic interview.... *State ex rel. Collins v. Superior Court (Collins II)*, 131 Ariz. 180 at 203, 644 P.2d 1266 at 1289 (1982) (quoting *State v. Hurd*, 86 N.J. 525, 543–46, 432 A.2d 86, 95–97) (emphasis added).

1288–1289 (1982). Finally, a party intending to offer testimony of a witness who has been hypnotized must make a timely disclosure of such information to the court and to opposing counsel.

In closing, as we stated in *Collins II,* 132 Ariz. at 210, 644 P.2d at 1296:

> The law has long recognized that there are few dangers so great in the search for truth as man's propensity to tamper with the memory of others. The prevention of such evil is necessary for the benefit of all. . . . It is in the interest of the judicial system and of society as a whole that such risks be minimized.

## LEMIEUX'S MOTION FOR REHEARING:

■ In the original opinion in this case, we held that our holding was to have prospective effect only. At the request of Lemieux, we must now decide whether our opinion as modified will have prospective effect also. As stated in the original opinion in this case, " 'A state is free under the Constitution to make a choice for itself between the principle of forward operation of a ruling and that of relation backward.' " *Lemieux v. Superior Court,* 131 Ariz. 214 at 216, 644 P.2d 1300 at 1302 (1982) (quoting *State v. Gates,* 118 Ariz. 357, 359, 516 P.2d 1357, 1359 (1978)). As our opinion in *Collins II* indicates, the law regarding the admissibility of hypnotically induced testimony has been the subject of considerable controversy in this state and in others. Because of this, we believe that it would be unfair to litigants to give retroactive effect to this opinion. Therefore, we now hold that the decision in this case is to have prospective application only. Subsequent to the mandate of this opinion, hypnotically induced recall testimony will be inadmissible. However, the previously hypnotized witness may testify to those facts recalled before hypnosis, providing the foundation required by this opinion is established. The posthypnotic testimony of Emery, therefore, is not within the rule of prospective application and is admissible in the upcoming trial, subject to other evidentiary objections.

The prayer for relief of Rix, the real party in interest, is granted in part and denied in part. Petitioner Lemieux's prayer for relief is denied and the case is remanded to the trial court to proceed in accordance with the original opinion, as modified.

HOLOHAN, Chief Justice, concurring in the result:

I concur in the result.

HAYS, Justice, concurring in the result:

I concur in the result.

GORDON, Vice Chief Justice (dissenting):

Adhering to the position I espoused in the original opinion in this matter, *Lemieux v. Superior Court,* 131 Ariz. 214, 644 P.2d 1300 (1982), I dissent. I disagree with the majority's opinion for the reasons I enumerated in *State ex rel. Collins v. Superior Court,* 131 Ariz. 180, 644 P.2d 1266 (concurring and dissenting opinion on rehearing, filed May 4, 1982). Excluding my apprehension for a violation of the defendant's right to effective cross-examination, the concerns expressed in that dissent are also present in civil cases where testimony of a previously hypnotized person is introduced at trial. I, of course, concur in the prospective application of the rule the Court develops as this was my position in the original opinion.

CAMERON, Justice (concurring):

I concur with Vice Chief Justice Gordon's dissent.