125 F.3d 792
 97 Cal. Daily Op. Serv. 7329, 97 Daily Journal
D.A.R. 11,801
Yndalesio ZAMARRIPA, Plaintiff-Appellant,
v.
CITY OF MESA, a municipal corporation; Mesa City Police
Department, an entity of the City of Mesa; Alden Gates,
Detective, individually and in his official capacity as Mesa
Police Department officer; Bill Cox, individually and in
his official capacity as a civilian employee of the City of
Mesa; Merle Cascaden, individually and in his official
capacity as a civilian employee of the City of Mesa,
Defendants-Appellees.
 No. 96-15934.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 11, 1997.
Decided Sept. 11, 1997.
 
 Nicholas S. Hentoff, Hentoff Law Offices, Phoenix, Arizona, for plaintiff-appellant.
 David C. Lewis, Jones, Skelton & Hochuli, Phoenix, Arizona, for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona; Earl H. Carroll, District Judge, Presiding. D.C. No. CV-95-00550-EHC.
 Before: D.W. NELSON, BOOCHEVER, and TROTT, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Plaintiff Yndalesio Zamarripa (Zamarripa) appeals the district court's judgment that a state trial court's ruling in a criminal case on the voluntary nature of Zamarripa's confession precluded further litigation in a civil suit regarding the voluntariness of that confession. We have jurisdiction under 28 U.S.C. § 1291. We review this question of law de novo, In re Russell, 76 F.3d 242, 244 (9th Cir.1996) (court applies de novo standard for reviewing availability of collateral estoppel), and we reverse.
 
 STATEMENT OF FACTS
 
 2
 Zamarripa was accused of molesting a teenage girl who had been a patient of the dentist for whom Zamarripa worked as a dental technician. After first denying the allegations, Zamarripa eventually confessed and was indicted. Before trial, Zamarripa moved to have his confession suppressed as involuntary. The trial judge held a voluntariness hearing that lasted for several days, at the end of which he decided that Zamarripa's confession had been voluntarily given and that it was therefore admissible. At trial, Zamarripa continued to claim that his confession had been coerced; the jury was instructed that it could not consider the confession unless it found beyond a reasonable doubt that it had been voluntarily given. The jury acquitted Zamarripa.
 
 
 3
 In federal district court, Zamarripa pursued a § 1983 action, claiming that his confession had been coerced and that the police department violated his Fifth Amendment right not to incriminate himself; his Fourth Amendment right against unlawful arrest; and that the police conspired to violate his constitutional rights, violating his Fourteenth Amendment right to due process. The district court judge found that because the criminal court had held a voluntariness hearing regarding the confession, Zamarripa was collaterally estopped from further litigating the question of the confession. The district court granted summary judgment for the defendants on all claims because each stemmed from the allegedly coerced confession.
 
 DISCUSSION
 
 4
 Federal courts must apply the collateral estoppel rules of the state that rendered the underlying judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir.1996). Arizona law provides:
 
 
 5
 [w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.
 
 
 6
 King v. Superior Court, 138 Ariz. 147, 673 P.2d 787, 790 (1983) (quoting Restatement (Second) of Judgments § 27).
 
 
 7
 In this case, the question was actually litigated at a multi-day hearing prior to Zamarripa's criminal trial, and the court found that his confession was voluntarily given. The result in this case turns on whether the trial court's finding that the confession was voluntary was a final judgment, and if not, whether the finding was essential to the eventual final judgment.
 
 
 8
 After the trial court's decision to admit the confession, Zamarripa relitigated the issue of voluntariness before the jury, which in turn acquitted him of the crime. This two-tiered approach to voluntariness is standard in Arizona. Due process requires that the trial judge determine, before trial, the voluntariness of any confession of an accused. "However, if the defendant requests the voluntariness question be presented to and decided by the jury as well, the trial court must then give the appropriate instruction." State v. Cobb, 115 Ariz. 484, 566 P.2d 285, 289 (1977) (emphasis added). A court's ruling that is subject to a subsequent decision by a jury cannot be considered final.
 
 
 9
 Arizona courts have held that an initial finding of a court is not a judgment and therefore cannot be relied upon for collateral estoppel purposes. "The force of the estoppel is the judgment itself. It is not the finding of a court but, rather, the judgment entered thereon which concludes the parties." State v. Williams, 131 Ariz. 211, 639 P.2d 1036, 1038 (1982); see State v. Nunez, 167 Ariz. 272, 806 P.2d 861, 867-68 (1991) (noting same). In Williams, a judge had ruled that the state failed to establish a probation violation by a preponderance of the evidence and therefore refused to revoke the defendant's probation. When the state later indicted Williams on the same offense for which it had attempted to revoke his probation, the court held that the earlier finding did not preclude the prosecution. "Palpably, the conclusion of the judge at the revocation hearing does not rise to the respectability of a judgment." Williams, 639 P.2d at 1038. Nor does the trial court's initial finding in this case, then, amount to a final judgment.
 
 
 10
 Not only was the court's finding regarding the voluntariness of the confession not final, it was not essential to any final judgment in the case. The final judgment was a general one of acquittal.
 
 
 11
 Zamarripa is therefore not estopped from relitigating the question of whether his confession was voluntary; and his claims under 42 U.S.C. § 1983 survive.
 
 CONCLUSION
 
 12
 We REVERSE and REMAND for the district court to go forward with Zamarripa's § 1983 action.