NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTIAN ROBERT ESCHRICH, *Appellant*.

No. 1 CA-CR 18-0845
FILED 9-24-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201700244
The Honorable Richard Weiss, Judge, *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kent E. Cattani joined.

---

J O H N S E N, Judge:

¶1   Christian Eschrich filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of: (1) aggravated domestic violence by interfering with judicial proceedings, a Class 5 felony; (2) aggravated assault by domestic violence, a Class 4 felony; (3) robbery, a Class 4 felony; and (4) sexual assault by domestic violence, a Class 2 felony. Eschrich's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Eschrich was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Eschrich's convictions and sentences as modified.

### FACTS AND PROCEDURAL BACKGROUND

¶2   In violation of an order of protection, Eschrich broke into the victim's home.[1] Once inside, Eschrich choked, slapped and sexually assaulted the victim, then stole money that she kept on her person. The victim reported the break-in, the choking and the robbery to Kingman police later that day. Four days later, she reported the sexual assault. Several swabs taken from the victim during a subsequent sexual-assault examination revealed traces of semen containing DNA that matched Eschrich's.

¶3   A grand jury indicted Eschrich on one count each of aggravated domestic violence by interfering with judicial proceedings, aggravated assault by domestic violence and robbery. A fourth charge, sexual assault by domestic violence, later was consolidated with the first

---

[1] Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Eschrich. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

three.  The jury found Eschrich guilty of all charges.  The superior court sentenced Eschrich to concurrent terms of imprisonment of 1.5 and 7 years on counts 1 and 4, respectively, followed by consecutive terms of 2.5 and 1.5 years on counts 2 and 3, respectively.  Eschrich received 617 days' presentence incarceration credit.

¶4        Eschrich timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).[2]

## DISCUSSION

¶5        The record reflects Eschrich received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The court held appropriate pretrial hearings.

¶6        At the close of jury selection, Eschrich moved to strike Juror 399145 for cause.  During voir dire, the venire member had disclosed that her husband is the Chief of the Kingman Police Department, which investigated the victim's reports and ultimately arrested Eschrich.  Members of the Kingman Police Department were listed as witnesses for the State and were to testify against Eschrich.  The venire member also reported that her son works for the Mohave County Sheriff's Office, she herself is an employee of the justice court, and she knows the detective in this case as well as other members of the Kingman Police Department.  When asked if any of these relationships would affect her ability to be fair and impartial, she replied, "No, I work for the court.  I have to remain fair and impartial."

¶7        Relying on that response, the court denied Eschrich's motion to strike the venire member.  While we doubt the wisdom of denying the motion, *see State v. Eddington*, 226 Ariz. 72, 75-78, ¶¶ 4-12 (App. 2010), the error was harmless, *see id.* at 79, ¶¶ 18-20, because she ultimately was not seated on the jury.  Even if the superior court errs by denying a motion to strike a prospective juror for cause, "under all but the most extraordinary circumstances, defendants will be unable . . . to show prejudice and secure any relief arising from a trial court's erroneous failure to strike a venireperson for cause." *Id.* at ¶ 20.  No such circumstances exist here.

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

¶8            At trial, the State sought to introduce a report of the victim's sexual-assault examination.  Eschrich objected to admission of the narrative description of the assault contained within the report, arguing it was inadmissible hearsay.   The superior court overruled the objection and allowed the report.  Regardless of whether the narrative description of the assault was for the purposes of medical diagnoses, *see generally State v. Lopez*, 217 Ariz. 433 (App. 2008), the State also offered the narrative as a prior consistent statement.  Such a use is permitted by Arizona Rule of Evidence 801(d)(1)(B); *see also State v. Williams*, 131 Ariz. 211, 214 (1982) (statements made to investigating officer in a sexual assault case were admissible at trial as prior consistent statements).  Thus, the superior court did not err by admitting the full report.

¶9            More generally, the State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members, who were properly instructed on the elements of the charges and the State's burden of proof.  The jury returned a unanimous verdict, and the court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Eschrich was convicted.  Although the court orally imposed sentences of 2.5 years on count 2 and 1.5 years on count 3, the  sentencing minute entry recites that Eschrich would serve 1.5 years for count 2 and 2.5 years for count 3.  The "oral pronouncement in open court controls," and we therefore order the minute entry corrected to reflect the appropriate sentences. *State v. Ovante*, 231 Ariz. 180, 188, ¶¶ 38-39 (2013) (quotation omitted).

## CONCLUSION

¶10            We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences as modified. *See Leon*, 104 Ariz. at 300.  Although the court granted Eschrich two more days of presentence incarceration credit than was warranted, absent a cross-appeal by the State, we will not correct the sentence. *State v. Dawson*, 164 Ariz. 278, 286 (1990).

¶11            Defense counsel's obligations pertaining to Eschrich's representation in this appeal have ended.  Counsel need do no more than inform Eschrich of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the

Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Eschrich has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Eschrich has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA