NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JEREMY RANDAL COREY HOLT, *Appellant*.

Nos. 1 CA-CR 21-0121
1 CA-CR 21-0122
1 CA-CR 21-0123
1 CA-CR 21-0124
(Consolidated)
FILED 1-11-2022

Appeal from the Superior Court in Mohave County
Nos.  S8015CR201802054
S8015CR201900583
S8015CR201900683
S8015CR201900684
The Honorable Douglas Camacho, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1   Jeremy Holt appeals the superior court's probation violation adjudication and resulting sentences. For the following reasons, we dismiss Holt's appeal as moot.

## BACKGROUND

¶2   In January 2020, Holt pled guilty to theft, attempted burglary in the third degree, theft of a credit card, and two counts of unlawful use of means of transportation. The superior court suspended Holt's sentence and imposed three years' probation. Condition 1 of Holt's probation terms required him to "maintain a crime-free lifestyle by obeying all laws, and not engaging or participating in any criminal activity."

¶3   In June 2020, Kingman police responded to a reported theft at a grocery store. Security footage showed Holt pick up a purse belonging to another customer, place it in his cart, and walk away. Police made contact with Holt outside of a vehicle while he was taking grocery bags into a house. He was arrested for theft, and a search of the vehicle revealed methamphetamine and drug paraphernalia under the driver's seat.

¶4   The State filed criminal charges against Holt arising from the June 2020 theft case. Meanwhile, the probation department petitioned to revoke Holt's probation, alleging he violated Condition 1 of his probation by committing new offenses, including: (1) possession or use of dangerous drugs, (2) theft, (3) theft of a credit card, and (4) possession/use of drug paraphernalia. Following a probation violation hearing in March 2021, the superior court found by a preponderance of the evidence that Holt violated his probation terms. At the subsequent disposition hearing, the court revoked Holt's probation and imposed prison sentences totaling five years.

¶5   A week later, Holt entered a plea agreement regarding his June 2020 case, pleading guilty to theft of a credit card and possession of dangerous drugs (methamphetamine), which the superior court accepted after conducting a colloquy with Holt. He timely appealed the revocation

2

of his probation and resulting sentences. We have jurisdiction pursuant to A.R.S. § 12–120.21(A)(1).

**DISCUSSION**

**¶6**          Holt challenges the superior court's finding that he violated Condition 1 of his probation, asserting there was insufficient evidence to show he committed new offenses. In response, the State argues the issue is moot. Generally, an appeal becomes moot when, "as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties." *Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4 (App. 1988).

**¶7**          As noted by the State, Holt's decision to enter a plea agreement for the new offenses means that he necessarily violated Condition 1. *See* Ariz. R. Crim. P. 27.8(e) ("If a court makes a determination of guilt . . . that the probationer committed a later criminal offense, the court need not hold a violation hearing and may set the matter for a disposition hearing at the time set for entry of judgment on the criminal offense."); *see also State v. Flemming*, 184 Ariz. 110, 114 (1995). Thus, even if we vacated the superior court's probation adjudication, Holt would not be entitled to another violation hearing and his probation would remain revoked.

**¶8**          Holt argues his appeal is not moot because (1) his subsequent guilty pleas are not part of the appellate record, and (2) if we vacated the superior court's decision revoking his probation he could challenge his guilty pleas from the June 2020 case in a petition for post-conviction relief.

**¶9**          Although Holt's guilty pleas are not part of the appellate record, when appropriate we may take judicial notice of judicial facts in superior court proceedings and records. Ariz. R. Evid. 201; *see also State v. Valenzuela*, 109 Ariz. 109, 110 (1973). In our discretion, we take judicial notice of Holt's guilty pleas that were accepted by the superior court and the related minute entry.

**¶10**          We are not persuaded that vacating the superior court's probation revocation would entitle Holt to post-conviction relief in the June 2020 case. Holt argues that such a decision by this court would constitute "newly discovered facts" that if known at the time would have impacted his decision to plead guilty. *See* Ariz. R. Crim. P. 33.1(e) (stating that grounds for post-conviction relief from a guilty plea include "newly discovered material facts" that "probably would have changed the judgment or sentence"). Holt contends that if his subsequent guilty pleas were set aside, there would be no automatic probation violation and thus

his appeal would not be moot. However, to justify relief under Rule 33.1, a defendant must show the newly discovered facts are "material." *See* Rule 33.1(e). "[E]vidence is material if it is relevant and goes to substantial matters in dispute or has a legitimate and effective influence or bearing on the decision of the case." *State v. Orantez*, 183 Ariz. 218, 221–22 (1995). Holt has not shown how a victory on the probation violation hearing would be material to the separate criminal proceedings addressing his plea agreement, especially considering that the State's failure to establish a probation violation does not preclude conviction on the same basis. *See State v. Williams*, 131 Ariz. 211, 213 (1982).

¶11      Because our resolution of Holt's current appeal would have no bearing on his probation reinstatement due to his decision to plead guilty to subsequent criminal offenses, Holt's appeal is moot. As an exercise of judicial restraint, we will generally dismiss an appeal unless it presents an issue of "great public importance or one capable of repetition yet evading review." *Cardoso v. Soldo,* 230 Ariz. 614, 617, ¶ 5 (App. 2012). We do not find, and Holt does not argue, that these exceptions apply in this case. Accordingly, we dismiss Holt's appeal as moot.

## CONCLUSION

¶12      Because the issues Holt raises on appeal are moot, we dismiss his appeal.



AMY M. WOOD • Clerk of the Court
FILED:   AA