Seymour Boyers, J.
In this negligence action the issue of liability only was submitted to the jury and the jury found in favor of the defendants, whereupon counsel for the plaintiff moved to set the verdict aside pursuant to CPLR 4404 et seq. The court denied the motion. Counsel then moved to set aside the verdict upon the further ground that the court erred in failing to admit into evidence a sighed statement of the plaintiff’s witness, Donald Ward. This application was likewise denied.
This motion, made on formal papers, is in essence a renewal of the motions made after the verdict. Counsel urges that the court should have set the verdict aside since it was against the weight of the credible evidence and contrary to the law and further contends that a new trial is warranted since the court should have admitted into evidence the statement offered by plaintiff in accordance with CPLR 4514.
In support of his contentions plaintiff’s counsel cites the case of Abrams v. Gerold (37 A D 2d 391) which he alleges is on “ all fours ” with the case at issue here.
The court finds that the Abrams case {supra) offers no support to the plaintiff’s argument that the Ward statement should have been received in evidence under CPLR 4514 since in the *1075 Abrams case the issue was whether the plaintiff had the green light in her favor. On cross-examination of the plaintiff’s witness, Deborah Drisler, it was elicited from the witness that she had a conversation with an assistant for plaintiff’s counsel who told her which of the vehicles passed a red light and also indicated that the assistant would see to it that she (Drisler) would be compensated for expenses and lost earnings of about $400.
On the basis of the cross-examination the statement of the said witness (Drisler) given on the day of the accident was offered in evidence to overcome the charge of recent fabrication. The doctrine of recent fabrication was not the basis for the offer of the witness Ward’s statement into evidence, but to the contrary, it was offered by plaintiff pursuant to CPLB 4514 as a prior inconsistent statement of his own witness and not as a prior consistent statement as in the Abrams case {supra).
This court does not disagree with the majority decision in Abrams {supra) but rejects the contention of plaintiff’s counsel that the Ward statement in the instant case is admissible since in the court’s view the cross-examination did not constitute an attack of the witness as a recent fabrication.
It appears, therefore, that the movant is arguing that CPLB 4514 is applicable but cites a case {Abrams) that deals with the recent fabrication rule.
If we consider the recent fabrication rule as a basis for the admission into evidence of the Ward statement, it is the court’s opinion that no foundation was laid.
The word “ recent ” in the term recent fabrication means that the witness is charged not with'mistake or confusion but with making up a false story well after the event (Bichardson, Evidence [10th ed.], § 519). “ Becently fabricated ” means the same thing as fabricated to meet the exigencies of the case (People v. Singer, 300 N. Y. 120). Mere impeachment by proof of inconsistent statements does not constitute a charge that the witness’ testimony is a fabrication (People v. Moore, 26 A D 2d 954). There is nothing on the record from which the court can conclude that the testimony elicited on cross-examination of the witness Ward was a recent fabrication, nor can a recent fabrication be inferred or implied from the cross-examination.
Movant in his reply affidavit submitted in support of this motion cites the case of Blakney v. Gleam Gab Corp. (43 A D 2d 520) in support of his contention that it was error for the court to exclude from the evidence the Ward statement. In the Blakney case (supra) the defendant offered into evidence a *1076 signed statement of the plaintiff’s witness to show an inconsistency between the testimony of the witness given at the trial and the witness’ statement taken sometime before the trial, which written statement was at variance with and contradictory to such testimony at the trial. The appellate court held that it was error for the trial court to exclude such written statement since it was most relevant on the question of the credibility of the witness called by the plaintiff. This is the classic illustration of impeaching the credibility of an adversary witness, which is absent in the case at bar.
It appears that the main thrust of the movant’s argument is that the Ward statement should have been received in evidence under CPLR 4514, which provides as follows:
“ Rule 4514 — 'Impeachment of witness by prior inconsistent statement.
* ‘ In addition to impeachment in the manner permitted by common law, any party may introduce proof that any witness has made a prior statement inconsistent with his testimony if the statement was made in a writing subscribed by him or was made under oath.”
Counsel for the plaintiff (movant) in his offer of proof selected minor inconsistencies which did not challenge the credibility of the witness but rather was evidence of confusion that the ordinary witness encounters in recalling the facts. Prior inconsistent statements that are admitted under CPLR 4514 are designed solely to impeach the credibility of the witness; they do not constitute affirmative evidence — evidence in chief or any material proposition. (5 Weinstein-Korn-Miller, N. Y. Civ. Prae., par. 4514.04.)
This court concludes that the Ward statement was offered nbt for the purpose of impeachment of the witness but rather was an attempt to offer such statement as affirmative evidence or “ evidence in chief ” of the facts contained in said statement. This he may not do. (Matter of Roge v. Valentine, 280 N. Y. 268.)
In deciding whether the prior statement may be introduced, the court may well weigh the degree of inconsistency and the probative force of the statement on the issue of credibility against the prejudice that would result if the jury considers it as evidence in chief. (5 Weinstein-Korn-Miller, N, Y. Civ. Prae., par. 4514.07.)
While CPLR 4514 enlarges the field in which impeachment of a witness by proof of prior inconsistent statements is permitted, it does not in express terms or by fair implication pro *1077 vide for such proof to be introduced for any purpose other than impeachment of the witness.
The motion, insofar as it seeks a new trial on the basis of the court’s failure to admit the Ward statement into evidence, is denied. That portion of the motion that seeks to set aside the jury’s verdict upon the ground that the same was against the weight of the credible evidence and contrary to the law is also denied.
The issues of negligence and contributory negligence were submitted to the jury and the jury having rendered its verdict based upon the facts as they found them to be and upon application of the law of the case to such facts, the court will not disturb the verdict, but will permit the same to stand.