630 P.2d 575

STATE of Arizona, Appellee,

v.

Joseph Cary GRIER, Appellant.

No. 1 CA–CR 4530.

Court of Appeals of Arizona,
Division 1,
Department B.

May 14, 1981.

Rehearing Denied June 15, 1981.

Review Denied June 30, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Michael D. Jones, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Presiding Judge.

In the early morning hours of January 11, 1979, appellant forced a young woman's car off the Maricopa Freeway, dragged her from her car and struck her in the head with a tire iron when she shouted for help. He then drove her to a secluded desert area where he sexually assaulted her. Appellant was convicted by a jury of kidnapping with intent to commit sexual assault, a class two felony, in violation of A.R.S. §§ 13–1304 and 13–1301, and sexual assault, also a class two felony in violation of A.R.S. §§ 13–1401 and 13–1406. Pursuant to its authority under A.R.S. § 13–604, the trial court imposed concurrent terms of eighteen years upon finding that defendant had been previously convicted of a felony. Two questions are presented on appeal. The first is whether the trial court erred in allowing a composite picture of the appellant into evidence. The second is whether the trial court erred in allowing a police officer to testify that she recognized the composite picture as the appellant.

The day after the kidnapping and assault, one of the investigating officers prepared a composite picture with an "Identity Kit". The kit consisted of various facial features on plastic overlays which were interchanged by the investigating officer at the victim's direction until a likeness of the assailant was achieved. Copies of this composite were then circulated through a criminal information bulletin to police agencies throughout the Phoenix area. Approximately two weeks later a Mesa police officer recognized the composite as the appellant, a man whom she had recently arrested for criminal trespass. This information, along with the victim's description of her assailant's automobile, led to the appellant's arrest.

At trial, appellant moved *in limine* to preclude the state from using the composite as evidence, arguing that it constituted hearsay. This motion was overruled and the trial court permitted the investigating officer to reconstruct the composite during trial. A duplicate composite was then admitted into evidence and relied upon by the prosecutor during closing arguments as corroboration of the victim's in-court identification of appellant.

In arguing that the composite picture was hearsay, appellant cites cases from Massachusetts and Illinois holding. that sketches and composite pictures produced from an eyewitness' description are inadmissible hearsay because they are not based upon the personal knowledge of the officer, but rather upon information given to him out of court by the declarant without the opportunity for cross-examination.

Appellant has ignored the application of Rule 801(d)(1), Arizona Rules of Evidence, 17A A.R.S. "Part (B)" of that rule provides

that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination and the statement is "consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive." "Part (C)" of the same rule provides that an out-of-court statement is not hearsay if the declarant testifies at trial, is subject to cross-examination and the statement is "identification of a person made after perceiving him." Under either subsection of the rule, we hold that the composite was admissible. By initially directing the construction of the composite and identifying the completed composite as closely resembling her assailant, the victim made assertions regarding the identity and description of her assailant. Those assertions were admissible as an identification of her assailant under "Part (C.)" *See Annot.,* 42 A.L.R.3d 1217 (1972) (detailed discussion of the admissibility of composite pictures and sketches produced by police to identify offenders), and cases cited therein. The same result has been reached under Rule 801(d)(1)(C), Federal Rules of Evidence, which, in pertinent part, is identical to Arizona's Rule 801(d)(1)(C). *See United States v. Marchand,* 564 F.2d 983 (2d Cir.1977), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 760 (1978); *United States v. King,* 590 F.2d 253 (8th Cir.1978), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1538, 59 L.Ed.2d 790 (1979).

The composite and the victim's statements that led to its creation were also admissible under Rule 801(d)(1)(B) as prior consistent statements offered to rebut a charge of recent fabrication. Throughout the trial the only defense was one of misidentification. The defense had cross-examined the investigating officers extensively regarding statements of identification given by the victim subsequent to her first report of the crime that allegedly had not been given to the police at the time of the first report. This cross-examination was obviously intended to raise the inference that the victim had recently fabricated her trial identification or had been improperly influenced by the police during their investigation of the crime. The composite was done the day after the crime was committed and was admissible to rebut those inferences.

Next, appellant argues that because evidence which shows that a defendant has committed other crimes is generally inadmissible, *State v. Reinhold,* 123 Ariz. 50, 597 P.2d 532 (1979), the Mesa police officer should not have been allowed to testify that she recognized the composite drawing as being appellant. Appellant argues that this officer was involved in the investigation of sexual assaults and child abuse, and that her testimony that she recognized appellant raised an inference that appellant had been involved in prior criminal activity. Testimony by an officer inferring serious prior bad acts is generally inadmissible. Admission of such testimony would merit a mistrial or reversal only if it appeared reasonably possible that the error might have materially influenced the jury, *State v. Smith,* 123 Ariz. 243, 599 P.2d 199 (1979); *State v. Serrano,* 17 Ariz.App. 473, 498 P.2d 547 (1972). We find no significant possibility of the officer's testimony having raised the suggested inference. She simply testified that she recognized the composite as being appellant Grier. There was no direct or indirect reference in the record to the effect that the officer knew the appellant in an official capacity or that, if she did, that he was a suspect in a serious crime or had been convicted of a serious crime. Under these circumstances, any error in admitting the testimony was harmless. *State v. Smith, supra; State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974) and *State v. Parker,* 128 Ariz. 107, 624 P.2d 304 (App.1980), *vacated in part regarding another issue,* 128 Ariz. 97, 624 P.2d 294 (1981).

Finally, the state brings to our attention the fact that the victim was placed under hypnosis on January 23, 1979, in an apparent attempt to assist her in recalling additional details of the crime, and that under *State v. Mena,* 128 Ariz. 226, 624 P.2d 1274 (1981), and *State v. La Mountain,* 125 Ariz. 547, 611 P.2d 551 (1980), testimony

developed as a result of the hypnosis is not admissible. However, although this issue was raised prior to trial in appellant's motion to suppress, the motion was later withdrawn and no objection to the testimony was made at trial. Here, it is clear that the motion was withdrawn because the victim's hypnotically-induced recall of the circumstances of the crime differed from her earlier statements given to the police and were favorable to the appellant. Immediately after the crime, the victim told the police officers that the license plate number of her assailant's car was PG*P* 112. His actual license number was PG*B* 112. (Emphasis added). Under hypnosis the victim stated that the license number was P—121, and she was unable to remember the other letters. Under these circumstances we hold that any error in admitting the hypnotically-induced testimony into evidence was not of such a fundamental character as to justify reversal in the absence of a timely objection. In her pre-hypnosis statements the victim gave the police officers an accurate description of appellant's automobile, including the license plate number as indicated above. In addition, the composite drawing which led to appellant's arrest was based upon a description furnished by the victim prior to any hypnosis sessions. Other evidence corroborated the testimony of the victim.

The judgment and sentences are affirmed.

JACOBSON and EUBANK, JJ., concur.