642 P.2d 873

**STATE of Arizona, Appellee,**

**v.**

**Thomas Joseph CONROY, Appellant.**

**No. 1 CA–CR 5093.**

Court of Appeals of Arizona,
Division 1, Department C.

Jan. 14, 1982.
Rehearing Denied Feb. 25, 1982.
Review Denied March 23, 1982.

**529**

OPINION

OGG, Judge.

In this opinion we must determine if the trial court committed reversible error by precluding the defendant from impeaching a state's material witness with the proof of a prior felony conviction. We find the trial court erred and we reverse.

The appellant/defendant, Thomas Joseph Conroy, was charged with two counts of molestation of a five year old female child, a class 2 felony. A.R.S. § 13–1410. The jury found him guilty of one count and acquitted him on the second count. Following entry of judgment of guilt on the one count, he was sentenced to the presumptive term of seven years imprisonment. A.R.S. § 13–701 B.

On May 12, 1980, Herbert Steele, the stepfather of Katrina Saulsburry (victim) and father of Sonia Steele (an infant), asked the defendant, a friend of the family, to babysit the two girls while he picked up his wife from work. The acts of child molesting purportedly occurred on a bed in the living room of the apartment while the parents were absent.

Charles Loomis, who was fifty years of age, served as the apartment manager and delivered mail to the Steele apartment on the day in question. Mr. Loomis testified that although his vision was partially blocked, he did observe a portion of the defendant's clothed leg on the bed and what appeared to be movements to fix his pants as the defendant came to the door to pick up the mail. A few days thereafter, Mr. Loomis, who was concerned about the victim's change in personality and behavior, decided to ask the victim about what happened when the defendant was acting as the babysitter. At that time, Mr. Loomis testified that the five year old victim related that she had been molested by the defendant. Mr. Loomis then notified her parents, who in turn notified the police.

The defendant testified that he did not molest the victim and maintained his complete innocence of all charges. It was defendant's theory of the case that Mr. Loom-

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Gary A. Fadell, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for appellant.

is did not like him and that Loomis had coached the young victim into making false allegations against him. To bolster defendant's theory, testimony further developed that Mr. Loomis exerted a strong influence over the victim.

The defendant attempted to impeach the testimony of Mr. Loomis by showing he was convicted and sent to the Arizona State Prison for the felony of second degree rape of a fourteen year old girl in 1972. The trial court granted the state's motion to preclude such impeachment with a finding that the probative value of the witness' prior felony conviction was outweighed by its prejudicial effect on his testimony.

At the state's urging, the trial court relied upon Rule 609(a), Rules of Evidence, 17A A.R.S. (Supp.1981), which reads as follows:

> Rule 609. Impeachment by Evidence of Conviction of Crime
>
> (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

The state argues that under the provisions of Rule 609(a) the trial court properly weighed the matter and determined that the prejudicial effect of the witness' prior conviction outweighed the probative value. The state further reasons that a trial court's decision on such an issue will not be overturned unless there is a clear showing of an abuse of discretion. *State v. Dixon*, 127 Ariz. 554, 622 P.2d 501 (App.1980).

▮ The problem with the state's position on this issue is that it completely ignores the defendant's constitutional right to confront the witnesses against him in trial.

Where the witness is a non-defendant, the trial court must not only consider the provisions of Rule 609(a) but must also consider the rights of a defendant to confront the witnesses against him. The Sixth Amendment to the United States Constitution [1] guarantees the right of a defendant "to be confronted with the witnesses against him". Such right is secured for defendants in state as well as in federal criminal proceedings. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Confrontation means the right not only to confront the witness physically but also the primary right to cross-examine the witness. Under the right to cross-examine is included the right to discredit or impeach by showing the witness has a prior criminal conviction. The United States Supreme Court discussed the right of confrontation as follows:

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.*, discredit the witness. *One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness.* By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. (emphasis added)

*Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353–54 (1974).

Although we have been cited to no Arizona cases directly in point, we have found the case of *State v. Fleming*, 117 Ariz. 122, 571 P.2d 268 (1977), to be instructive on this

---

1. *See also* Ariz.Const. art. 2, § 24.

issue. In *Fleming*, the court in considering an issue involving the right of confrontation set forth a test which has application to the issue now before us:

> The test [for the denial of the right to cross-examination] is whether the defendant has been denied the opportunity of presenting to the trier of fact information which bears either on the issues in the case or on the credibility of the witness.

117 Ariz. at 125, 571 P.2d at 271. It is interesting to note that in *Fleming* the principal contested issue was the use of a short stay in a mental hospital for impeachment of the state's witness; all parties appear to have assumed the defendant had the right, which was exercised, to impeach the state's witness by use of his prior criminal conviction.

 Under the facts of the case before us, it is our opinion that the trial court erred in preventing the impeachment of Mr. Loomis by refusing to allow evidence of his prior felony rape conviction. Such error here is reversible because Mr. Loomis was a principal state's witness and was the only adult who directly tied in the defendant to the commission of the crime. As could be expected, the recollection of the five-year-old victim was often contradictory and confusing. The credibility of Mr. Loomis was therefore of the utmost importance.

We conclude that the defendant was denied his basic constitutional right to confront (impeach) a material witness for the state and that the conviction must be reversed, the sentence set aside, and the case remanded for a new trial.

In view of our remand of this case for a new trial, we will also discuss the remaining issues raised as a guide to the trial court in the event these same issues arise in the retrial.

## HEARSAY STATEMENTS OF THE VICTIM

 At preliminary hearing and at trial, the victim repeatedly denied, or failed to remember, any of the acts of molestation. After repeated prompting by the prosecutor, she did testify to some of the events. The state presented the testimony of Charles Loomis, Mr. and Mrs. Steele, and Detective Hodge, wherein each related the victim's accounts of the molestation after the events occurred. Defendant alleges that admission of these hearsay statements constituted reversible error.

The Arizona Rules of Evidence provide as follows:

> Rule 607. Who May Impeach
>
> The credibility of a witness may be attacked by any party, including the party calling him.
>
> \* \* \* \* \* \*
>
> Rule 801. Definitions
>
> \* \* \* \* \* \*
>
> d. Statements which are not hearsay. A statement is not hearsay if—
>
> (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, or (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving him;
>
> \* \* \* \* \* \*

Under Rule 607, it is proper to impeach one's own witness with prior statements, and they are substantively admissible as well. *State v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978). Additionally, the statements were not hearsay because they were offered to rebut an express or implied charge of fabrication. In this case, appellant attacked the credibility of the victim in his opening statement, cross-examined her with her prior denials at the preliminary hearing, and attempted to show that Loomis and the Steeles had influenced the victim to testify the way she did. Under these circumstances, the statements were admissible under Rule 801(d)(1)(B). *See State v. Grier*, 129 Ariz. 279, 630 P.2d 575 (1981). Our disposition on this basis makes it unnecessary to

address defendant's further argument that the statements did not fit within the "excited utterance" exception to the hearsay rule. See 17A A.R.S. Rules of Evidence, Rule 803(2) (Supp.1981).

## FALSE IDENTITY

■ Defendant next contends that the prosecutor committed misconduct by introducing evidence that appellant had given a false name and false social security number to police at the time of his arrest. This argument is clearly without merit. Concealment of identity is similar to flight in that it permits an inference of guilty knowledge. Flight or concealment by an accused is properly admissible in evidence as a fact which may be considered by the jury and from which they may draw the inference, in the absence of an explanation, that the accused was guilty. *State v. Swinburne*, 116 Ariz. 403, 569 P.2d 833 (1977).

## JUDGMENT OF ACQUITTAL

■ Defendant next contends the trial court erred in not granting the defendant's motion for a "directed verdict" at the close of the state's case, because the testimony of the victim taken alone could not have constituted sufficient evidence for a conviction of child molestation.

Under 17 A.R.S., Rules of Criminal Procedure, Rule 20, the trial court must grant a judgment of acquittal "if there is no substantial evidence to warrant a conviction." A judgment of acquittal should not be granted if the evidence is such that reasonable minds may differ on the inferences to be drawn therefrom. *State v. Mosley*, 119 Ariz. 393, 581 P.2d 238 (1978).

From our review of the record, it appears that there was sufficient evidence from the victim and the other state's witnesses to constitute "substantial evidence to warrant a conviction" and that the trial court did not err in denying defendant's motion for a judgment of acquittal.

## LESSER INCLUDED OFFENSE

Appellant next contends the trial court erred in failing to instruct the jury, as requested, on the lesser included offense of lewd and lascivious acts in violation of A.R.S. § 13–1412.

■ A defendant is only entitled to a lesser included offense instruction if there is evidence upon which the jury could convict of the lesser offense and find the state had failed to prove an element of the greater offense. *State v. Brady*, 105 Ariz. 190, 461 P.2d 488 (1969). A trial court need only give a lesser included offense instruction when the element that distinguishes the two charges is in dispute. Therefore, when the evidence is such that the defendant may be found either guilty only of the crime charged or not guilty, based upon the defense presented at trial, there is no requirement to give an instruction on a lesser included offense. *State v. Yarbrough*, 131 Ariz. 70, 638 P.2d 737 (1981).

■ The defendant in the present case denied any improper conduct with the victim, and if the jury believed the defendant's version of the facts, the jury should acquit, and if not, the jury should find him guilty as charged. Under such facts, the trial court properly denied the defendant's request for a lesser included offense instruction.

## JURY INSTRUCTION

■ Defendant requested the following jury instruction pertaining to the testimony of the victim:

A charge of this nature is easily made and difficult to disprove. From the nature of the case, the complaining witness and the defendant usually are the only witnesses. You should be satisfied beyond a reasonable doubt that the case is made out by the evidence and corroborating evidence, if any, before you find the defendant guilty, if you find him guilty. The law does not require, in this character of case, that the witness be supported by any other witness or corroborating circumstances, but does require that you examine the evidence with caution.

The court declined to give this requested instruction, but in addition to the usual burden of proof instruction gave the following:

> You must decide the accuracy of each witness' testimony. Take into account such things as his ability and opportunity to observe, his memory, his manner while testifying, any motive or prejudice he might have, and any inconsistent statement he might have made. Consider his testimony in light of all the evidence in the case.

We think the instructions given by the trial court accurately and adequately cover the applicable law. There is no error in refusing a requested instruction if its substance is adequately covered by other charges given. *State v. Clark*, 126 Ariz. 428, 616 P.2d 888 (1980), *cert. denied*, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (App.1980). In a very similar situation, it has been held that an instruction such as the one requested by appellant focuses only on the victim's testimony and therefore constitutes an impermissible comment on the evidence. *State v. Carter*, 123 Ariz. 528, 601 P.2d 291 (App.1978), *vacated in part and approved in part*, 123 Ariz. 524, 601 P.2d 287 (1979). The instruction was properly refused.

The conviction is reversed, the sentence is set aside, and the case is remanded for a new trial consistent with this opinion.

FROEB, P. J., and EUBANK, J., concur.