663 P.2d 236

**STATE of Arizona, Appellee,**

v.

**John Joseph MARTIN, Appellant.**

**No. 5713–PR.**

Supreme Court of Arizona,
In Banc.

April 11, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Clifford C. Wamacks, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Bruce M. Preston, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

The defendant was convicted of two counts of child molestation, A.R.S. § 13–1410, and sentenced to concurrent terms of ten and one-half years. The Court of Appeals reversed. *State v. Martin*, 135 Ariz. 556, 663 P.2d 240 (1982). We granted the state's petition for review to correct what we believe to be an improper determination by the Court of Appeals as to when the motive to fabricate began for the purpose of excluding a prior consistent statement. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and A.R.S. § 12–120.24.

The issue raised on appeal is whether the trial court erred in allowing the state's wit-

nesses to testify as to the victim's prior consistent statements in order to rebut a defense charge of improper motive on the part of the victim.

The facts necessary for a determination of this issue are these. The defendant was accused of child molestation. The alleged victim, 11 years old at the time of trial, testified as to numerous episodes of sexual molestation, some of which preceded the defendant's marriage to her mother. She also related the events of 9 July 1980, on which the instant charges were based.

The victim further testified that since her mother would not help her defend against her step-father's harassment, she eventually, in October 1980, confided in her teacher about her problems. The teacher, in turn, notified the appropriate authorities. On cross-examination of the victim, defense counsel implied that she had fabricated her testimony owing to improper motives relating to the defendant's disturbance of her relationship with her mother and with another, allegedly lesbian, relationship with her friend.

■ The state then called the victim's teacher who recounted the victim's conversations with her, in which the victim related episodes of molestation occurring before and after, as well as at the time of, the events leading to the instant charges. The state then called a police officer, a detective, a psychologist and a pediatrician, all of whom became involved in the investigation after the teacher had referred the matter to the authorities. Each of these witnesses, over defense objection, recounted the story that the victim had told. The testimony of the teacher and the other state's witnesses was admitted by the trial court as prior consistent statements under Rule 801(d)(1)(B), Arizona Rules of Evidence, 17A A.R.S. The rule reads:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with his testimony, or

(B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *.

It is noted that the rule declares prior consistent statements to be non-hearsay. They are then admitted substantively and not just to buttress the credibility of the witness. *State v. Finn,* 111 Ariz. 271, 278, 528 P.2d 615, 622 (1974); *Ray Korte Chevrolet v. Simmons,* 117 Ariz. 202, 207, 571 P.2d 699, 704 (App.1977); Udall & Livermore, Arizona Law of Evidence, § 124 at 251 (2d ed. 1982). The prior consistent statements were admitted as substantive evidence in the instant case. The trial judge did not make a determination that the prior consistent statements were made prior to the existence of a motive to fabricate.

■ From verdicts and judgments of guilt, defendant appealed. The Court of Appeals reversed, *State v. Martin,* supra, and we granted the state's petition for review. We agree with the opinion of the Court of Appeals that in order for a prior consistent statement to be admissible under the Rules of Evidence, the prior statement must precede the motive to fabricate. *See State v. Martin,* supra, slip op. at 5–6. We disagree with the Court of Appeals, however, that the record before them was sufficient to determine when the motive to fabricate arose.

The treatment of the admissibility of prior consistent statements has undergone four phases in England and the United States. Professor Graham has stated the history:

Prior to 1675, consistent statements were admissible as substantive evidence presented during a party's case in chief. With the advent of the hearsay rule, prior consistent statements, although no longer admissible for the truth of their contents, remained admissible during a party's case in chief, but then solely to buttress in advance the credibility of the in-court witness. Beginning in the early 1800s, prior consistent statements were no longer admitted into evidence for any reason during presentation of a party's case in

chief. Such statements became admissible only by way of rebuttal, to support the credibility of the witness after credibility had been attacked. Dispute among the courts during the latter period focused upon the circumstances under which a prior consistent statement is relevant to rebut an attack upon the credibility of the in-court witness. With the promulgation of the Federal Rules of Evidence in 1975, a fourth period of development was entered—prior consistent statements are once again admissible as substantive evidence, but only if relevant to rebut specified attacks upon the credibility of the in-court witness. Graham, Prior Consistent Statements: Rule 801(d)(1)(B) of the Federal Rules of Evidence, Critique and Proposal, 30 Hastings L.J. 575, 578 (1979).

The rule in Arizona today is that prior consistent statements may be admitted substantively to rebut attacks upon the credibility of the in-court witness. Our case law has not been clear, however, as to what limitations are to be placed upon the admissibility of this evidence, once the credibility of the witness is challenged.

In *State v. Gause,* 107 Ariz. 491, 489 P.2d 830 (1971), *vacated* on other grounds 409 U.S. 815, 93 S.Ct. 192, 34 L.Ed.2d 71 (1972), we admitted an impeached witness's prior consistent statements after concluding that "they were made at a time when there was 'no apparent motive for falsifying' " on his part. *Id.* at 496, 489 P.2d at 835. This case was decided before the adoption of the Rules of Evidence in 1977.

In the only opinion of this court since the adoption of the Rules of Evidence, we held that a rape victim's statements to a police officer interviewing her on the evening of the sexual assault were admissible under Rule 801(d)(1)(B) because they were consistent with her trial testimony. *State v. Williams,* 131 Ariz. 211, 214, 639 P.2d 1036, 1039 (1982). We did not consider, however, whether the statements' admissibility was predicated on their having been made prior to the motive to fabricate. Neither do we find two recent opinions of the Court of

Appeals helpful. In *State v. Conroy,* 131 Ariz. 528, 642 P.2d 873 (App.1982), the victim told the apartment manager that she had been molested by the defendant several days after the episode. The manager then notified her parents, who in turn notified the police. *Id.* at 529, 642 P.2d at 874. At the trial the 5 year old victim either denied or had forgotten the acts of molestation. *Id.* at 531, 642 P.2d at 876. Each of the other witnesses related the victim's accounts of the molestation after the events occurred. The trial court admitted these earlier statements, but it is not clear which statements were admitted pursuant to Rule 801(d)(1)(A), concerning the admissibility of prior inconsistent statements, and which statements were admitted under Rule 801(d)(1)(B), as prior consistent statements. Likewise, in *State v. Grier,* 129 Ariz. 279, 630 P.2d 575 (App.1981), a composite picture of the defendant was admitted in evidence over objection. The appeals court found that the composite was admissible either under Rule 801(d)(1)(C) ("identification of a person made after perceiving him") or in rebuttal to a charge of recent fabrication of trial identification under Rule 801(d)(1)(B). *Id.* at 281, 630 P.2d at 577.

■ While there have been no other examples in our case law since the adoption of our rules of evidence that to be admissible a prior consistent statement must precede an improper motive or influence, we believe that the principle followed in *Gause,* supra, is sound and in compliance with the spirit if not the letter of Rule 801(d)(1)(B). The only way to be certain that a prior consistent statement in fact controverts a charge of "recent fabrication or improper influence or motive" is to require that the statement be made at a time when the possibility that the statement was made for the express purpose of corroborating or bolstering other testimony is minimized. In other words, to be admissible, the witness must make the prior consistent statement before the existence of facts that indicate a bias arises.

■ In the instant case, the victim first told her mother about the step-father's conduct, with no result. The victim then re-

counted the abusive episodes to her teacher, and the teacher contacted the child protective service office. After that the victim told the same story to others connected with law enforcement. The trial court, in admitting the prior consistent statements, made no determination as to when the motive to fabricate began. The record before this court and which was before the Court of Appeals is not sufficient for a determination as to when the motive to fabricate arose. This determination is better made at the time the evidence is offered, or at a motion to suppress where the proper questions can be asked and the responses of the witnesses observed by the trial judge before admitting or suppressing the evidence. This was not done in the instant case and it was error not to do so.

■ We agree with the Court of Appeals that if the statements were admitted erroneously it cannot be said beyond a reasonable doubt that the parade of corroborating witnesses had no influence on the jury's deliberations, *State v. Martin,* supra, slip op. at 10–11, and their admission is not, therefore, harmless error. *See State v. McVay,* 127 Ariz. 450, 453, 622 P.2d 9, 12 (1980). The matter will have to be remanded for a new trial where, if the challenged evidence is reintroduced, the trial court will have to determine if a motive to fabricate arose and if so when. Prior consistent statements made after such motive developed shall not be admitted.

The defendant's convictions and sentences are reversed and the matter is remanded to the trial court for a new trial.

HOLOHAN, C.J., and HAYS and FELDMAN, JJ., concur.

GORDON, Vice Chief Justice (concurring in part and dissenting in part):

I agree with the majority's discussion of Rule 801(d)(1)(B) Ariz.R.Evid. and the requirement that in order to be admissible to rebut an express or implied charge of recent fabrication or improper influence or motive, prior consistent statements must be made by a witness prior to the time that a motive to fabricate or the existence of bias arose. I disagree, however, with the Court's conclusion that the record in this case is not sufficient for a determination as to when the motive to fabricate arose.

The victim met the defendant in 1978 when her mother started dating him. She testified that she liked her mother before she started going out with Martin, but that after they began dating her mother started treating her differently. The victim also stated that she resented the defendant because of the changes in her mother's behavior and that she never liked the defendant.

The prior consistent statements were offered to rebut the inference that the victim made up the story because the victim did not like Martin since her relationship with her mother changed after she began dating him. Taken together, the record indicates that the victim disliked the defendant at the time she met him or soon thereafter. The victim's testimony indicates that she had a variety of reasons which may have provided a motive to fabricate. I therefore agree with the Court of Appeals that the victim's bias or motive to fabricate arose at or prior to the time that the defendant married the victim's mother in June, 1979. Therefore, since the victim's statements to the teacher, the detective, the pediatrician, the psychologist, and the policeman took place after June, 1979, I would conclude that none of these individuals should have been permitted to testify pursuant to Rule 801(d)(1)(B) Ariz.R.Evid.