JEFFREY LIDE DEARING, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14643

December 6, 1984                              691 P.2d 419

*Jeffrey D. Sobel*, Las Vegas, for Appellant.

*Brian McKay*, Attorney General, Carson City; *Robert Miller*, District Attorney, *William T. Koot* and *Nancy Oesterle*, Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction upon a jury verdict of one count of sexual assault and one count of lewdness with a minor. For the reasons expressed below, we affirm the conviction.

Appellant raises several assignments of error in this appeal. The only issue requiring discussion, however, is appellant's

assertion that the testimony of three witnesses was erroneously admitted over hearsay objections.

The first such item of testimony was given by the victim's father, and consisted essentially of his repetition of the victim's description of the assault. The victim's recitation occurred only minutes after the attack, and the father's conversation with the victim was prompted by his observation that she was "agitated and nervous." Accordingly, the testimony was properly received as an excited utterance. *See* NRS 51.095; United States v. Nick, 604 F.2d 1199 (9th Cir. 1979); *see generally* C. McCormick, McCormick on Evidence § 297 (3rd ed. 1984). It is of no import that the district court gave a different reason for admitting the testimony, even if that reason was incorrect. *See* Cunningham v. State, 100 Nev. 396 n. 1, 683 P.2d 500 (1984).

The second item of testimony objected to was that of a police detective who interviewed the victim about one and one-half hours later. The testimony was substantively similar to that of the victim's father. Again, however, the victim was at that time "nervous and upset," and the time between the event and the statement was relatively short. Accordingly, in light of the authorities cited above, the testimony was properly admitted despite the district court's apparent reliance upon a different rationale.

The third item of testimony was that of the victim's mother, during which she repeated the victim's description of the attack. We note that appellant's trial counsel cross-examined the child witness at considerable length with the apparent intention of implying that the child's credibility was questionable. Although counsel did not suggest any specific motive for fabrication or indicate where or when such a motive might have arisen, counsel's heavy cross-examination of the victim was directed at impugning her credibility. In light of the heavy cross-examination, the state attempted to rehabilitate the victim's credibility by offering prior consistent statements which the victim had made to her mother just a few days after the attack.

We conclude that the district court did not abuse its discretion by admitting the mother's testimony regarding the prior consistent statements. *See* State v. Pitts, 382 P.2d 508 (Wash. 1963). As the court states in *Pitts:* "Repetition adds stature to imputations and insinuations and may well infer recent fabrication. The trial court saw and heard the live performance; it was in a position to

weigh any innuendoes and nuances, and it admitted [the prior consistent statement] for the limited purpose stated." *Id.* at 510-11. Given the circumstances of the present case, we cannot say that the district court erred in allowing the mother to testify regarding statements made by the child, which rebutted the implication of fabrication raised by defense counsel. *Cf.* Gibbons v. State, 97 Nev. 299, 629 P.2d 1196 (1981) (where the defense suggests a motive to fabricate, corroborative testimony introduced for the purpose of rehabilitation must affirmatively show that the repeated statement was originally made at a time when the declarant had no motive to fabricate); *see also* NRS 51.035(2)(b).

Appellant's remaining contentions have been considered and are without merit.[1] Accordingly, we affirm the district court's judgment of conviction.

---

[1]We express no opinion on appellant's contention that he received ineffective assistance of counsel. That contention is more appropriately raised in post-conviction proceedings in the district court. Gibbons v. State, 97 Nev. 520, 634 P.2d 1214 (1981).